19-1665-cv
*Espiritu Santo Holdings, LP v. L1bero Partners, LP*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of January, two thousand twenty.

PRESENT:
        AMALYA L. KEARSE,
        GUIDO CALABRESI,
        SUSAN L. CARNEY,

                *Circuit Judges.*

_____

ESPÍRITU SANTO HOLDINGS, LP,

        *Petitioner-Appellee,*

           v.                                No. 19-1665

L1BERO PARTNERS, LP,

        *Respondent-Appellant,*

ESPÍRITU SANTO TECHNOLOGIES, LLC,

        *Respondent.*

_____

FOR PETITIONER-APPELLEE:        DAVID DUNN (Benjamin Fleming, Jessica Black Livingston, *on the brief*), Hogan Lovells US LLP, New York, NY.

FOR RESPONDENT-APPELLANT: BRIAN A. SUTHERLAND, (Steven Cooper, Colin A. Underwood, M. Patrick Yingling, *on the brief*), Reed Smith LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, *C.J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on May 16, 2019, is **AFFIRMED**.

Respondent-Appellant L1bero Partners, LP ("Appellant" or "L1bero Partners") appeals from a judgment granting an injunction in aid of arbitration on behalf of Petitioner-Appellee, Espíritu Santo Holdings, LP, issued on May 16, 2019, in the United States District Court for the Southern District of New York (McMahon, *C.J.*). On appeal, L1bero Partners contends that the District Court abused its discretion when it concluded that Appellee would suffer irreparable harm absent an injunction on a theory that the District Court developed *sua sponte*. Appellant further argues that the District Court abused its discretion in striking the declarations of L1bero Partners' witnesses since they were not available in court for cross-examination. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm the District Court's judgment.

A district court "abuse[s] its discretion if it base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (citation and internal quotation marks omitted). Applying this standard, we find no abuse of discretion in the District Court's grant of this preliminary injunction in aid of arbitration. We further conclude that the District Court did not abuse its discretion in striking the declarations of L1bero Partners' witnesses who were not present for cross-examination at the injunction hearing. *See, e.g., Davis v. N.Y.C. Hous. Auth.*, 166 F.3d 432,

2

437-38 (2d Cir. 1999). In *Davis*, this Court explained that, "while affidavits may be considered on a preliminary injunction motion . . . [w]hen a factual issue is disputed, oral testimony is preferable to affidavits." *Id.* The District Court acted within its broad discretion when it required oral testimony and rejected the proffered affidavits.

Appellant also asks that we vacate or modify the injunction issued by the District Court as unduly broad. The parties confirmed at oral argument that the arbitral tribunal charged with deciding the merits of the underlying dispute has been constituted. We note that the parties' arbitration agreement states that "the arbitral tribunal . . . shall have full authority to grant provisional remedies and to direct the Partners to request that any court modify or vacate any temporary or preliminary relief issued by such court." Joint App'x at 118. Moreover, the District Court's injunction states that it "shall continue in place until such time as the [arbitral tribunal] shall enter any provisional or final award . . ., which award would by its terms supplant this injunction in aid of arbitration." Special App'x at 62. Under the circumstances, there is no need for us to grant Appellant the relief it seeks.

\* \* \*

We have considered Appellant's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk